

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50492 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00134-GW-3 |
| v. | |
| DR. EMMANUEL ADEBAYO AYODELE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 7, 2016[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

Emmanuel Adebayo Ayodele (Ayodele) appeals his conviction of one count

of health care fraud in violation of 18 U.S.C. § 1347. Ayodele asserts that his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

guilty plea was involuntary. We review the voluntariness of a guilty plea *de novo*. *See United States v. Forrester*, 616 F.3d 929, 934 (9th Cir. 2010).

The record reflects that Ayodele's guilty plea was knowing and voluntary, made with an understanding of the relationship between the law and the facts of his case. *See United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007). Ayodele pled guilty pursuant to a written plea agreement. At the change of plea hearings, he confirmed that he had read and discussed the plea agreement with his counsel prior to signing the document and that he fully understood the terms and provisions of the agreement. The district court continued the plea proceedings twice to ensure that Ayodele had sufficient opportunity to understand the implications of entering a guilty plea in relation to available alternative courses of action. Ayodele's attorney also confirmed that he felt satisfied with Ayodele's comprehension of the plea agreement. On these facts, we conclude that Ayodele's guilty plea was voluntary. *See United States v. Kaczynzski*, 239 F.3d 1108, 1114 (9th Cir. 2001) ("A plea is voluntary if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.") (citations and internal quotation marks omitted).

Ayodele acknowledged that he had not been coerced into entering the plea, he was satisfied with the services of his attorney, and he intended to plead guilty

because he knew he committed the crime. As Ayodele understood "the law in relation to the facts" underlying the charge against him and chose to enter into the plea agreement with an understanding of available alternative courses of action, Ayodele's decision to plead guilty was knowing and voluntary. *See Smith v. Mahoney*, 611 F.3d 978, 988 (9th Cir. 2010), *as amended* (citation omitted).

**AFFIRMED.**